| | |
|---|---|
| 1 | STEVEN G. KALAR |
| | Federal Public Defender |
| 2 | ANGELA M. HANSEN |
| | Assistant Federal Public Defender |
| 3 | 555 - 12th Street, Suite 650 |
| | Oakland, CA 94607-3627 |
| 4 | Telephone: (510) 637-3500 |
| 5 | Counsel for Defendant WILLIAMS |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-12-00600 YGR |
| | ) | |
| Plaintiff, | ) | STIPULATED REQUEST TO CONTINUE |
| | ) | HEARING DATE TO JANUARY 31, 2013 |
| | ) | AND TO EXCLUDE TIME UNDER THE |
| v. | ) | SPEEDY TRIAL ACT AND ORDER |
| | ) | |
| | ) | |
| DERON MATUKOL WILLIAMS | ) | Hearing Date: December 20, 2012 |
| | ) | Time: 2:00 p.m. |
| | ) | |
| Defendants. | ) | |
| | ) | |

The above-captioned matter is set on December 20, 2012 before this Court for a status hearing. The parties jointly request that the Court continue the matter to January 31, 2013, and that the Court exclude time under the Speedy Trial Act, 18 U.S.C. § 3161, between December 20, 2012 and January 31, 2013, so that the defense can complete its review of the discovery, investigate the case and to calculate the sentencing Guidelines.

On August 2, 2012, the Grand Jury charged Deron Williams with one count of bank robbery and ten counts of armed bank robbery, violations of Title 18, United States Code, Sections 2113 (a) and (d). On the most serious charges, Mr. Williams faces a maximum of 20 to 25 years imprisonment on each count. Mr. Williams had private counsel until late September

Stip. Req. To Continue Hearing Date and to
Exclude Time, No. CR-12-00600 YGR

2012 at which point the Federal Public Defender was appointed to represent Mr. Williams.

The government has produced extensive discovery in this case, including approximately one thousand pages of records, videos, photographs and complex DNA reports. The government continues to produce discovery as it is received. For example, on November 15, 2012, the government produced two CD-roms that contain analysis from a computer seized in this case. The defense needs additional time to assess this new discovery. Additionally, the defense would like additional time to assess the DNA evidence produced in this case and the findings from the government lab.

The defense continues to review this discovery but also needs more time to investigate the 10 robberies charged in the Indictment. The defense also needs to conduct an evidence view and needs more time to collect records to research Mr. Williams' anticipated Sentencing Guidelines range. For these reasons, the defense requests additional time to review the discovery and to continue the defense investigation.

The parties stipulate and agree that the ends of justice served by this continuance outweigh the best interest of the public and the defendant in a speedy trial. The parties further agree that the failure to grant this continuance would unreasonably deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Accordingly, the parties agree that the period of time from December 20, 2012 until January 31, 2013, should be excluded in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), for effective preparation of defense counsel, taking into account the exercise of due diligence.

DATED: December 17, 2012 /S/
JAMES C. MANN
Assistant United States Attorney

DATED: December 17, 2012 /S/
ANGELA M. HANSEN
Assistant Federal Public Defender

# ORDER

Based on the reasons provided in the stipulation of the parties above, the Court hereby FINDS:

1. Given that the government has produced discovery to defendant that includes voluminous records, video files, DNA discovery and computer forensics that the defense needs to review, and given that the government continues to produce discovery as it is received;

2. Given the defense need to complete its investigation of the ten bank robberies charged in this case;

3. Given the defense need to collect records and to research the Sentencing Guidelines range;

4. Given that these above-listed tasks are necessary to the defense preparation of the case and that the failure to grant the requested continuance would unreasonably deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence;

5. Given that the ends of justice served by this continuance outweigh the best interest of the public and the defendant in a speedy trial;

Based on these findings, IT IS HEREBY ORDERED that the status date of December 20, 2012 is vacated and reset for January 31, 2013, at 2:00 p.m. It is FURTHER ORDERED that time is excluded pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), from December 20, 2012 until January 31, 2013.

December 19, 2012

YVONNE GONZALEZ ROGERS
United States District Judge